UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
AT LEXINGTON

DESTIN NEWMAN                                        CASE NO: _____

      PLAINTIFF

-VS-                                                 COMPLAINT AND JURY DEMAND

BOYLE COUNTY SHERIFF'S DEPARTMENT                    DEFENDANT
      SERVE:

            DEREK ROBBINS
            BOYLE COUNTY SHERIFF'S OFFICE
            321 WEST MAIN ST., ROOM 103
            DANVILLE, KY 40422

SHERIFF DEREK ROBBINS                               DEFENDANT
      SERVE:

            DEREK ROBBINS
            BOYLE COUNTY SHERIFF'S OFFICE
            321 WEST MAIN ST., ROOM 103
            DANVILLE, KY 40422

TANNER ABBOTT                                       DEFENDANT
      SERVE:

            TANNER ABBOTT
            75 PUMPKIN RUN RD.
            DANVILLE, KY 40422

EPHRAIM MCDOWELL MEDICAL CENTER                     DEFENDANT
      SERVE:

            EPHRAIM MCDOWELL REGIONAL MEDICAL CENTER, INC.
            ATTENTION: TAMMY MEADE ENSSLIN
            217 S. 3RD ST. DANVILLE, KY 40422

JOHN AND JANE DOE 1-3, EMPLOYEES OF EPHRAIM MCDOWELL MEDICAL   DEFENDANT
CENTER
      SERVE:

            EPHRAIM MCDOWELL REGIONAL MEDICAL CENTER, INC.
            ATTENTION: TAMMY MEADE ENSSLIN
            217 S. 3RD ST. DANVILLE, KY 40422

_____/

Plaintiff, Destin Newman, in complaint against Defendants alleges as follows:

## PARTIES, JURISDICTION AND VENUE

1. This is a civil action seeking damages against Defendants, individually and in their official capacities, for committing acts, under color of law, which deprived Plaintiff of rights secured under the Constitution, laws of the United States and the Commonwealth of Kentucky; for conspiring for the purpose and intent of impeding, hindering and depriving Plaintiff of his Constitutional rights; and, utilizing excess force against Plaintiff on or about January 20th, 2021 and where plaintiff is entitled to the full protection afforded under the laws of the Commonwealth of Kentucky, its Constitution, and the Constitution of the United States.

2. The Court has jurisdiction of this action under 42 U.S.C. § 1983; 28 U.S.C. § 1343 and 28 U.S. C. § 1331 and through pendant jurisdiction for all state law claims.

3. Venue is proper because the events and incidents giving rise to this action occurred in Danville, Boyle County, which is within the Eastern District of Kentucky.

4. Plaintiff, Destin Newman, is a citizen and resident of Danville, Boyle County, Kentucky, and a natural citizen of the United States of America.

5. Defendants, Derek Robbins and Tanner Abbott, are being sued individually and in their official capacities.

6. Defendant, Boyle County Sheriff's Department is a governmental Agency able to sue and be sued.

7. Defendant Derek Robbins was elected to the position of Sheriff through a government sponsored and created election and was responsible for the deputies employed and acting under color of state law in Boyle County Kentucky and, as such, Defendants were acting under color of state law when they deprived Plaintiff of his constitutional rights.

8.  At all times materials hereto, the Boyle County Sheriff's Department was under the direction of Derek Robbins.

9.  Defendant, Derek Robbins is a citizen and resident of Boyle County, Kentucky and at all times material hereto was the duly elected Sheriff of Boyle County Kentucky.

10. Pursuant to KRS 70.040 Defendant Derek Robbins, the duly elected Sheriff in Boyle County Kentucky, is able to be sued for the allegations contained herein.

11. Tanner Abbott is a citizen and resident of Boyle County, Kentucky and at all times materials hereto was a deputy sheriff employed by the Boyle County Sheriff's Department.

12. As a deputy sheriff, Tanner Abbott was under the supervision and direction Derek Robbins.

13. John & Jane Does 1-3 are fictitious names for individuals whose identities are currently unknown that were employed or otherwise working at Ephraim McDowell Medical Center, who saw Plaintiff on or about January 20, 2021 and January 21, 2021, who violated the standard of care of medical treatment for the injuries suffered by plaintiff.

14. John & Jane Does 1-3 also conspired with Boyle County Sheriff's Deputy Tanner Abbott, to violate Plaintiff's constitutional rights by denying him proper medical treatment when he was brought to Ephraim McDowell Regional Medical Center after the assault on January 20, 2021 and at all times thereafter.

15. All John & Jane Doe defendants' residences are not known, but are believed to be residents of the Commonwealth of Kentucky residing within the Eastern District.

16. Ephraim McDowell Regional Medical Center, Inc. is a domestic corporation organized under the laws of the state of Kentucky.

17. Ephraim McDowell Regional Medical Center, Inc. operates under the assumed name of Ephraim McDowell Regional Medical Center, whose principal place of business is located at 217 S. 3rd St. Danville, KY 40422.

18. Ephraim McDowell Regional Medical Center, Inc.'s (hereinafter Ephraim McDowell Regional Medical Center) registered agent is Tammy Meade Ensslin at 217 S. 3rd St. Danville, KY 40422.

**FACTS**

19. Plaintiff incorporates as if completely reiterated all prior averments, and further alleges:

20. On or about January 20, 2021, Defendant Tanner Abbott performed a traffic stop in which Plaintiff was the driver of a vehicle.

21. During the traffic stop Defendant Tanner Abbott, exercised excessive force on Plaintiff, which resulted in serious physical injuries to Plaintiff.

22. Defendant Tanner Abbott arrested passenger and Plaintiff and placed them both in restraints.

23. Defendant Tanner Abbott stated at the scene to Danville City Police Officer on recorded bodycam video that he had elbowed Plaintiff in the face and also assaulted Plaintiff's passenger.

24. Defendant Tanner Abbott claimed that Plaintiff was "on something" when speaking with Emergency Medical personnel and other officers who arrived after the arrest in an effort to discredit Plaintiff's complaints and legitimate requests for assistance from officers who arrived on the scene.

25. Danville City Police Officer, despite having heard Deputy Abbott admission of assault on Plaintiff and Plaintiff's passenger, did not seek to assist the Plaintiff.

26. Plaintiff was taken to Ephraim McDowell Regional Medical before being taken to the jail in order to provide blood for testing for DUI and to be medically cleared to go Boyle County Detention Center.

27. On January 20th, 20211, while Plaintiff was Ephraim McDowell Regional Medical Center, Plaintiff was at all times in the presence of Defendant Tanner Abbott and was not allowed to speak medical providers without Defendant Tanner Abbott

28. Hospital staff utilized representations, statements, and remarks from Deputy Abbott for the Plaintiff's medical evaluation and treatment.

29. Plaintiff was cleared by Ephraim McDowell staff to go to the Boyle County Detention Center.

30. Once released from Boyle County Detention Center on or about January 21, 2021, Plaintiff returned to Ephraim McDowell Regional Medical Center because he was suffering from the effects of the assault by Defendant Tanner Abbott's assault.

31. On or about January 21, 2021 Plaintiff was advised by nursing and hospital staff at Ephraim McDowell Regional Medical Center that Plaintiff was not injured and was only seeking treatment in order to file a lawsuit against Deputy Abbott.

32. On or about January 21, 2021, hospital staff failed to provide Plaintiff with medical care that met the standard of care for the injuries suffered by Plaintiff.

33. Defendant Tanner Abbott routinely used excessive force while on duty as a deputy sheriff in the employ of the Boyle County Sheriff's Department.

34. Defendant, Derek Robbins and other employees within the Boyle County Sheriff's Department, knew or should have known that Defendant Abbott was routinely using excessive force in the course of his arrests.

## COUNT 1- EXCESSIVE FORCE

35. Plaintiff incorporates as if completely reiterated all prior averments, and further alleges:

36. Defendant, Tanner Abbott utilized excessive force on Plaintiff during the traffic stop on January 20, 2021.

37. On January 20, 2021, including but not limited to the following to-wit: Defendant without cause or provocation used excessive force on Plaintiff which was the direct and proximate cause of Plaintiff's suffering serious and permanent injuries and incurring substantial medical costs and other economic losses.

38. Defendant, Tanner Abbott routinely used excessive force on the citizens of Boyle County in his capacity as a Boyle County Deputy Sheriff, which was well known within the Boyle County Sheriff's office.

39. Defendant, Derrek Robbins, willful, wanton, careless, negligent, grossly negligent acts and/or omissions, and his deliberate indifference failed to provide timely and proper training of Deputy Abbott, which resulted in Deputy Abbott's use of excessive force and the violation of Plaintiff's constitutional rights.

40. Defendant, Derrek Robbins, willful, wanton, careless, negligent, grossly negligent acts and/or omissions, and his deliberate indifference toward the pattern and practices of Tanner Abbott, who routinely used excessive force while on duty as a deputy sheriff in the employ of the Boyle County Sheriff's Department resulted in Deputy Abbott's violation of Plaintiff's constitutional rights.

41. Defendant, Derrek Robbins, knew or should have known that his willful, wanton, careless, negligent, grossly negligent acts and/or omissions, and deliberate indifference would lead to the type of injuries suffered by Plaintiff.

42. Defendant, Derek Robbins, through his willful, wanton, careless, negligent, grossly negligent acts and/or omissions, and deliberate indifference failed to properly oversee, train, manage, officers or deputies resulting in a violent assault to Plaintiff in violation of his constitutionally protected rights which was the direct and proximate cause of his suffering

serious and permanent injuries and incurring substantial medical costs and other economic losses.

43. Defendant, Derek Robbins, through his willful, wanton, careless, negligent, grossly negligent acts and/or omissions, and deliberate indifference failed to properly discipline Defendant Abbott and other deputies resulting in a violent assault to Plaintiff in violation of his constitutionally protected rights which was the direct and proximate cause of his suffering serious and permanent injuries and incurring substantial medical costs and other economic losses.

## COUNT II- MEDICAL MALPRACTICE

44. Plaintiff incorporates as if completely reiterated all prior averments, and further alleges:

45. Plaintiff was not treated on January 20, 2021 despite being seriously injured by Deputy Tanner Abbott.

46. On January 20, 2021 Ephraim McDowell Regional Medical Center's facility breached of the recognized standard of care by to follow the standards and protocols for someone experiencing the injuries complained of by the Plaintiff which resulted in a worsening of the injuries suffered by the Plaintiff and further injured Plaintiff.

47. On January 21, 2021 Ephraim McDowell Regional Medical Center's facility breached of the recognized standard of care by to follow the standards and protocols for someone experiencing the injuries complained of by the Plaintiff.

48. Defendant Ephraim McDowell Regional Medical Center, Inc., through its willful, wanton, careless, negligent, grossly negligent acts and/or omissions, and deliberate indifference failed to properly oversee, train, manage employees in providing appropriate care to individuals escorted by sheriffs or police officers, which violated the standard of care of medical treatment for the injuries suffered by plaintiff, which was the direct and proximate cause of

his suffering serious and permanent injuries and incurring substantial medical costs and other economic losses.

49.  Defendant Ephraim McDowell Regional Medical Center, Inc., through its willful, wanton, careless, negligent, grossly negligent acts and/or omissions, and deliberate indifference failed to properly oversee, train, manage employees in providing appropriate care to victims of police and sheriff assaults and/or individuals escorted by sheriffs or police officers, and thus conspired to violate Plaintiff's constitutional rights by denying him proper medical treatment when he was brought to Ephraim McDowell Regional Medical Center on or about January 20, 2021 and at all times after, which was the direct and proximate cause of his suffering serious and permanent injuries and incurring substantial medical costs and other economic losses.

50.  Defendant, Ephraim McDowell Regional Medical Center, through its willful, wanton, careless, negligent, grossly negligent acts and/or omissions, and their deliberate indifference failed to properly oversee, train, manage John and Jane Does 1-3 in the treatment of individuals escorted by sheriffs or police officers to the Ephraim McDowell Regional Medical Center which was the direct and proximate cause of Plaintiff suffering serious and permanent injuries and incurring substantial medical costs and other economic losses.

51.  Defendants, John and Jane Does 1-3, through their willful, wanton, careless, negligent, grossly negligent acts and/or omissions, and their deliberate indifference failed to provide timely and proper medical care, to Plaintiff which was the direct and proximate cause of his suffering serious and permanent injuries and incurring substantial medical costs and other economic losses.

52.  As a direct and proximate result of all Defendants' intentional, reckless, negligent, willful, wanton and gross deliberate indifference toward Plaintiff, his physical and mental condition,

Plaintiff suffered the loss of his constitutional rights to against use of excessive force  receive proper medical care and treatment in a timely fashion, resulting in serious and permanent physical injuries, impairment to functions of his body, mental distress, past, present and future pain and suffering, loss of ability to work, impairment to his earning capacity, scarring; and, has incurred medical, therapy, pharmaceutical, hospital costs and expenses, many of which will continue for an indeterminate period into the future.

### COUNT III-CONSPIRACY

53. Plaintiff incorporates as if completely reiterated all prior averments, and further alleges:

54. Defendants John and Jane Doe 1-3 and Defendant Tanner Abbott agreed and did so act in concert with one another to deny Plaintiff proper medical care and treatment in abrogation of his Eighth and Fourteenth Amendment Constitutional Rights.

55. In furtherance of their conspiracy, Defendant Abbott routinely spoke to Defendants John and Jane Doe 1-3 about the Plaintiff asserting that Plaintiff was likely on methamphetamines in order to diminish the level of treatment Plaintiff was to receive.

56. Defendants, John and Jane Doe 1-6 did not perform an independent evaluation of the Plaintiff but instead relied on Defendant Abbott's representations in direct violation of the standard of care.

57. Defendant Abbott and Defendants John and Jane Does 1-63 further did not allow Plaintiff to speak to any provider outside of the presence of Defendant Abbott.

58. On or about January 21, 2021, when Plaintiff returned to Ephraim McDowell Regional Medical Center, staff alleged that he was there only for the purposes of establishing injuries to file a lawsuit.  Medical providers shared these suspicions and allegations among the emergency room staff at Ephraim McDowell on or about January 21, 2021 in order to further prevent Plaintiff from receiving care for his other injuries thus breaching the standard of care.

59. As a direct and proximate result of Defendants' conspiracy, Plaintiff suffered the loss of his constitutional rights to receive proper medical care and treatment in a timely fashion, resulting in serious and permanent physical injuries, impairment to functions of his body, mental distress, past, present and future pain and suffering, loss of ability to work, impairment to his earning capacity, scarring; and, has incurred medical, therapy, pharmaceutical, hospital costs and expenses, many of which will continue for an indeterminate period into the future.

60. The actions of Defendants were oppressive, constituting despicable conduct that subjected Plaintiff to cruel and unjust hardship in conscious disregard of his rights. Such conduct was undertaken with a reckless disregard to high risk of serious injury, creating a right of Plaintiff to recover punitive damages from individual Defendants.

61. Defendants' violations of Plaintiff's constitutional rights, give rise to a cause of action under *42 USC § 1983*, and entitle Plaintiff to recover reasonable attorney's fees for the bringing of this lawsuit pursuant to *42 USC § 1983* and other laws.

## **COUNT IV- NEGLIGENCE**

62. Plaintiff incorporates as if completely reiterated all prior averments, and further alleges:

63. Plaintiff was owed a duty of care by Defendant, Tanner Abbott to not assault Plaintiff and otherwise use excessive force during the traffic stop on January 20, 2021.

64. Plaintiff was owed a duty of care by Defendant, Derek Robbins to appropriately properly oversee, train, manage, officers or deputies to prevent the violent assault suffered by Plaintiff.

65. Defendants breached the duty of care to Plaintiff.

66. As a direct and proximate cause of the breach of the duty of care to Plaintiff, Plaintiff suffered serious and permanent physical injuries, impairment to functions of his body, mental

distress, past, present and future pain and suffering, loss of ability to work, impairment to his earning capacity, scarring; and, has incurred medical, therapy, pharmaceutical, hospital costs and expenses, many of which will continue for an indeterminate period into the future.

**WHEREFORE,** Plaintiff demands Judgment against all Defendants, individually, jointly and severally, and/or to the extent of their respective negligent actions and/or inactions for monetary' damages in excess of jurisdictional requirements of this court, in compensatory damages, punitive damages to the extent applicable, consequential damages, attorney's fees, litigation costs and all other damages permitted by law or otherwise deemed appropriate by this Court.

## <u>JURY DEMAND</u>

Plaintiff, asserts his right under U.S. Const. Amend. 7 and demands a trial by jury on all issues, in accordance with FRCP 38.

Plaintiff's counsel:
/s/ Lisa von Wiegen

_____
Lisa E. von Wiegen  Bar# 90205

Lisa E. von Wiegen
von Wiegen Law Group, LLC
304 S. 4th St.
Suite 102
Danville, KY 40422
Email: Le@levwlaw.com
Phone: 859-340-2432