**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF KENTUCKY**
**CENTRAL DIVISION AT LEXINGTON**
**CIVIL ACTION NO. 5:22-CV-00006-DCR-MAS**

DESTIN NEWMAN                                                            PLAINTIFF

VS.

BOYLE COUNTY SHERIFF'S DEPARTMENT;
SHERIFF DEREK ROBBINS; TANNER ABBOTT;
EPHRAIM MCDOWELL MEDICAL CENTER; and
JOHN AND JANE DOE 1 – 3, EMPLOYEES OF
EPHRAIM MCDOWELL MEDICAL CENTER                      DEFENDANTS

---

**BOYLE COUNTY DEFENDANTS' MEMORANDUM IN SUPPORT OF**
**MOTION TO DISMISS FOR LACK OF PROSECUTION**

---

Defendants Boyle County Sheriff's Office and Sheriff Derek Robbins, individually and in his official capacity (the "Boyle County Defendants"), by counsel, for their Memorandum in Support of their Motion pursuant to Fed. R. Civ. P. 41(b) to Dismiss for Lack of Prosecution all claims against them herein, respectfully states as follows:

**PROCEDURAL BACKGROUND**

On July 29, 2022, the Boyle County Defendants propounded written discovery requests on the Plaintiff, Destin Newman. *See* Notice of Service [Record No. 23]. Pursuant to Fed. R. Civ. P. 33(b)(2) and 34(b)(2)(A), Newman had 30 days to serve his responses. As of December 19, 2022, despite the defendants having given him additional time and numerous attempts by his attorney to gain his cooperation, Newman still had not provided responses and in fact, per his attorney, was unwilling to sign his answers to interrogatories. [Record No. 36 at Page ID 145, 152.] Following a status conference on that date, the Court amended the Scheduling Order to require Newman to respond to all outstanding discovery by January 10, 2023, and appear for his deposition no later than January 30, 2023. [Record No. 31.] The Court cautioned Newman that

if he did not comply with those deadlines, it would "consider a motion by the defendants to dismiss the case for failure to prosecute."   [Record No. 36 at Page ID 149.]   Despite the additional opportunity to participate in discovery, Newman's deadlines have now come and gone, yet he has failed to respond to the Boyle County Defendants' written discovery requests or appear for his deposition.   For the reasons set forth below, Newman's conduct warrants dismissal with prejudice of his Complaint and all claims asserted in this litigation.

## ARGUMENT

Federal Rule of Civil Procedure 41(b) provides, "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."  "Unless the dismissal order states otherwise, a dismissal under this subdivision (b) . . . operates as an adjudication on the merits."  Fed. R. Civ. P. 41(b).  Courts consider the following four factors to determine whether dismissal under Rule 41(b) is warranted: (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal of the action.  *Hall v. City of Williamsburg*, 768 F. App'x 366, 380 (6th Cir. 2019) (citing *Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 589 (6th Cir. 2001)). A plaintiff is considered to have acted willfully, in bad faith, or with fault when their conduct displays "either an intent to thwart judicial proceedings or a reckless disregard for the effect of his conduct to those proceedings."  *Schafer v. City of Defiance Police Dept.*, 529 F.3d 731, 737 (6th Cir. 2008) (citing *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005)); *see also Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 367 (6th Cir. 1997) (dismissal was warranted because plaintiff's conduct was "stubbornly disobedient and willfully contemptuous" when

plaintiff failed to respond to discovery requests and did not comply with court orders, among other things).

Newman's failures to fulfill his discovery obligations under both the Civil Rules and the Court's Order warrant dismissal with prejudice in accordance with Rule 41(b). First, despite having been given ample opportunity to respond to the Boyle County Defendants' discovery requests, Newman has consistently refused to communicate with his counsel and participate in discovery, including in response to the Court's Order. His discovery violations therefore appear to be his own fault and willful. Second, the Boyle County Defendants have been prejudiced because Newman's inaction continues to thwart their efforts to defend his claims and requires them to expend their efforts and resources instead on gaining his compliance. *See Harmon*, 110 F.3d at 368 ("We have no doubt that [defendant] was prejudiced by [plaintiff's] failure to respond to its interrogatories. Not only had [defendant] been unable to secure the information requested, but it was also required to waste time, money and effort in pursuit of cooperation which [plaintiff] was legally obligated to provide."). Third, the Court warned Newman's counsel that it would entertain a motion to dismiss for failure to prosecute if Newman continued to disregard its deadlines. Finally, Newman's continual disregard of his discovery obligations and the Court's Order show he has effectively abandoned his case, suggesting that lesser sanctions would be futile. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962) ("The authority of the federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted."); *see also Harmon*, 110 F.3d at 369 ("[p]resented with a record of sufficiently egregious conduct, then, this court need not hesitate to conclude that a district court has not abused its discretion by ordering dismissal as the first and only sanction.").

## **CONCLUSION**

For the reasons set forth herein, the Boyle County Defendants respectfully request that the Court dismiss with prejudice Newman's claims against them due to his failure to comply with the Federal Rules of Civil Procedure governing discovery and the Court's December 19, 2022, Order.

Respectfully submitted,

/s/ D. Barry Stilz
D. Barry Stilz
Lynn Sowards Zellen
Andrew M. Yocum
Kinkead & Stilz, PLLC
301 E. Main Street, Ste. 800
Lexington, Kentucky 40507
(859) 296-2300 Phone
(859) 296-2566 Facsimile
bstilz@ksattorneys.com
lzellen@ksattorneys.com
ayocum@ksattorneys.com
*Counsel for Boyle County Defendants*

## **CERTIFICATE OF SERVICE**

I certify that the foregoing was filed with the Clerk of the Court using the Court's CM/ECF system which served counsel for the parties electronically on this, the 3rd day of February, 2023.

/s/ D. Barry Stilz
*Counsel for Boyle County Defendants*

5