UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| DESTIN NEWMAN, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5: 22-006-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| BOYLE COUNTY SHERIFF'S DEPARTMENT, et al., | ) | **MEMORANDUM ORDER** |
| | ) | |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of the defendants' motion to dismiss for lack of prosecution. [Record No. 37] In summary, Plaintiff Destin Newman failed to respond to multiple discovery requests despite "additional time and numerous attempts by his attorney to gain his cooperation." [Record No. 37-1] The Court held a status conference on December 19, 2022, and subsequently ordered Newman to respond to all outstanding discovery and appear for deposition no later than January 30, 2023. [Record Nos. 30, 31] Still, Newman took no action. He has "routinely refused" to contact his attorney, failed to agree to a deposition date, and "did not sign his interrogatories" responses. [Record No. 39]

Dismissal of an action is a drastic remedy for a party's non-compliance with discovery directives. And while drastic, the sanction is authorized if a party intentionally refuses to comply with a court order. FED. R. CIV. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."); *see also Palasty v. Hawk,* 15 F. App'x 197, 200 (6th Cir. 2001) ("The plaintiffs' [willful] failure to comply with the court's order, despite the warning of potential

dismissal, justifies their dismissal for failure to prosecute."). Courts generally consider four factors before dismissing an action for failure to prosecute. These factors include:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal of the action.

*Hall v. Williamsburg*, 768 F. App'x 366, 380 (6th Cir. 2019) (citing *Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 589 (6th Cir. 2001)).

The first factor requires "a clear record of delay or contumacious conduct." *Freeland v. Amigo*, 103 F.3d 1271, 1277 (6th Cir. 1997); *see also Knoll v. AT&T*, 176 F.3d 359, 363 (6th Cir. 1999) ("Although typically none of the factors is outcome dispositive, . . . a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct."). Here, the Court issued a scheduling order on June 2, 2022, requiring, *inter alia*, the parties submit a joint status report each month and warned that "[s]eparate or individual status reports are not permitted." [Record No. 17] The parties' December joint status report disclosed that Newman had failed to: (1) respond to the defendants' July 29, 2022 written discovery requests; (2) provide deposition dates; and (3) participate in filing court-ordered status reports for July, October, and November. [Record No. 28]

During a subsequent status conference held on December 19, 2022, his attorney clarified that Newman had "even to date failed to sign his interrogatories, to agree to them." [*Id.*] Counsel stated that she had "continually asked [Newman] to review and sign" written discovery, but he neglected to do so. [*Id.*] Action was not taken at that time. Instead, the undersigned directed Newman to respond to written discovery by January 10, 2023, and "be available for a deposition on a date agreed upon by the parties by January 30th." [*Id.*]

Newman's counsel responded that she was "grateful that the Court [was] willing to extend some of those deadlines," and was "in agreement." [*Id.*] Still, the plaintiff did not avail himself of this additional opportunity to comply with required discovery in the case.

The second factor requires consideration of whether the defendants have been prejudiced by the plaintiff's dilatory conduct. "A party is prejudiced when it is 'unable to secure the information requested' and 'required to waste time, money, and effort in pursuit of cooperation which [the opposing party] was legally obligated to provide.'" *Barron v. University of Michigan*, 613 F. App'x 480, 485 (6th Cir. 2015) (quoting *Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 368 (6th Cir. 1997)). In this case, the defendants have not been able to either secure Newman's answers to written discovery requests or obtain his sworn deposition testimony. As the defendants correctly indicate, "Newman's inaction [has] . . . thwart[ed] their efforts to defend his claims and [has required that they] . . . expend their efforts and resources instead on gaining his compliance." [Record No. 37-1]

The final two factors address whether the party subject to potential sanctions has been given notice that failure to cooperate could lead to dismissal, and consideration of whether less drastic sanctions were imposed or considered before dismissal of the action. *Hall*, 768 F. App'x at 380 (citing *Mulbah*, 261 F.3d at 589). Here, the Court advised during the December 2022 status conference that Newman put his attorney "in a difficult position, in that [counsel's] deadline for submitting expert reports, identifying expert witnesses and submitting the reports [had] already expired." [Record No. 36] The Court further clarified that Newman could not proceed with expert witnesses. *See Lucarelli v. DVA Renal Healthcare, Inc.*, No. 08-CV-2067, 2010 U.S. Dist. LEXIS 154080, at *5 (W.D. Tenn. Apr. 28, 2010) ("The striking of expert witness testimony is an appropriate sanction for untimely disclosure of expert witnesses and

the failure to meet the requirements of Rule 26(a)." (citing *Sommer v. Davis*, 317 F.3d 686, 692 (6th Cir. 2003))). Newman's attorney indicated that the plaintiff would voluntary dismissed some of his claims, but counsel believed the remaining claims were viable without an expert. [Record No. 36] An additional opportunity was then given to allow the plaintiff one last opportunity to comply with discovery obligations. [*Id.* at 7.] But as noted above, both deadlines passed without a response from Newman, demonstrating that lesser sanctions would be futile at this point. *See Bank One of Cleveland, N.A. v. Abbe*, 916 F.2d 1067, 1079 (6th Cir. 1990) ("[T]he [party's] lack of response to the court's order to compel discovery . . . demonstrated the futility of any lesser sanctions."). The Court expressly warned Newman that it "would consider a motion by the defendants to dismiss the case for failure to prosecute," if he did not comply with his new January 2023 discovery deadlines. [Record No. 36]

The plaintiff's continued inaction and failure to comply with directives of the court now necessitates dismissal of this action. Accordingly, it is hereby

**ORDERED** as follows:

1.  The defendants' motion to dismiss for lack of prosecution [Record No. 37] is **GRANTED**.

2.  This action is **DISMISSED** without prejudice for failure to prosecute and **STRICKEN** from the docket.

Dated: February 22, 2023.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky